**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| DAVID WAYNE HAYDEN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-00107-WTL-TAB |
| | ) | |
| AYERS Mrs., RN, | ) | |
| WADLEIGH Nurse Practitioner, | ) | |
| BOURDIN Dr., | ) | |
| D.  DEWENGER Dr., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff David Wayne Hayden, an inmate at the New Castle Correctional Facility, brings complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants have improperly denied his migraine medicine. The plaintiff was directed to show cause why this action should not be dismissed as duplicative of the action in No. 1:14-cv-1912-JMS-MJD. Based on the plaintiff's response, this action shall not be dismissed and will proceed separately from No. 1:14-cv-1912-JMS-MJD at this time. Consistent with the foregoing, the plaintiff's motion to show cause [dkt 8] is **granted**. The plaintiff's motion for status of case and injunctive relief [dkt 9] is **granted** to the extent that the **clerk shall** include a copy of the docket with the plaintiff's copy of this Entry. The motion is **denied as premature** to the extent that the plaintiff seeks injunctive relief because the defendants have not yet been served with process or appeared in this action.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations,

taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). Based on the foregoing screening, the following claims will proceed.

Mr. Hayden's claim that defendants Nurse Practitioner Wadleigh, Dr. Bourdin, Dr. Dewenger, and Nurse Ayers either denied or reduced his migraine medication **shall proceed** as a claim that these defendants exhibited deliberate indifference to Mr. Hayden's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

Mr. Hayden's claim that these defendants denied or reduced his medication in retaliation for filing lawsuits **shall also proceed** as a claim that these defendants violated his First Amendment rights.

The complaint purports to allege claims against the defendants in both their official and individual capacities. An official-capacity claim is effectively a suit against the governmental entity employing the defendant. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir.1992), *cert. denied*, 508 U.S. 942 (1993). In this case, therefore, an official capacity claim against the defendant individuals as employees of the Indiana Department of Correction would in essence be against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment). Thus, **any claims for damages against the defendants in their official capacities as employees of the Indiana Department of Corrections are dismissed**.

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 5/21/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID W. HAYDEN, JR.
962384
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Mrs. Ayers RN
Nurse Practitioner Wadleigh
Dr. Bourdin
Dr. Dewenger

   All at:

   NEW CASTLE CORRECTIONAL FACILITY
   1000 Van Nuys Road
   NEW CASTLE, IN 47362