UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID WAYNE HAYDEN, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AYERS Mrs., RN, )<br>WADLEIGH Nurse Practitioner, )<br>BOURDIN Dr., )<br>D. DEWENGER Dr., )<br>)<br>Defendants. ) | Case No. 1:15-cv-00107-WTL-TAB |

**Entry Granting Motion for Summary Judgment
And Directing Entry of Final Judgment**

Plaintiff David Hayden, an inmate at the New Castle Correctional Facility ("New Castle") brings this complaint alleging that the defendants were deliberately indifferent to his serious medical needs. The defendants move for summary judgment arguing that Mr. Hayden has failed to exhaust his available administrative remedies. For the reasons that follow, the motion for summary judgment [dkt 20] is **granted**.

**I. Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## II. Facts

As an inmate incarcerated with the Indiana Department of Correction, Mr. Hayden has access to the Offender Grievance Process. The purpose of the Offender Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. All inmates are made aware of the Offender Grievance Process during orientation and a copy of the Process is available in various locations within the prisons, including the law library.

The Offender Grievance Process consists of three stages. First, an inmate must attempt to resolve the grievance informally through officials at the facility by contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the inmate is unable to obtain a resolution of the grievance informally through officials at the facility, he or she may file a Level I Offender Grievance. This includes the submission of a Level I Grievance form to the Administrative Assistant of the facility or designee. The Administrative Assistant or designee has 15 working days from the date that the grievance is received to complete an investigation and provide a response to an offender, unless the time has been extended. Once a Level I Grievance is reviewed by facility officials, and if the problem has not been resolved to the satisfaction of the

inmate, the offender may appeal the facility's decision by submitting a Level II Grievance Appeal. The Department of Corrections' Offender Grievance Manager reviews the inmate's appeal and submits a response. An inmate has not fully utilized or exhausted the Offender Grievance Process until he completes all three steps of the process and receives a response from the Department's Offender Grievance Manager.

Mr. Hayden did not file any grievances between January 9, 2015, the date he alleges his claim arose, and January 26, 2015, the date he filed the present lawsuit (approximately 17 days after he alleges his claim arose). Although he filed several grievances beginning in March 2015 relating to incorrect food portions, crushing of his medications, timing of mail delivery, medications, removal of items on cell wall, and mental health treatment, they were all filed after he initiated the present lawsuit. The grievance records reflect that he did not file any grievances related to the subject matter of the present lawsuit before he filed the lawsuit.

### III. Discussion

The defendants argue that Mr. Hayden's claims must be dismissed because he failed to exhaust his available administrative remedies with respect to those claims. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have

completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

      The defendants have shown that Mr. Hayden failed to avail himself of all administrative remedies before filing this civil action. Mr. Hayden does not dispute this. Instead, Mr. Hayden argues that his failure to complete the grievance process should be excused because he was in imminent danger of serious harm. But the "imminent danger" exception applies to the "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915(g), not to the PLRA's exhaustion requirement. In fact, the PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required."). Further, one of the purposes of the exhaustion requirement is to allow an agency an "'opportunity to correct its own mistakes before it is haled into federal court.'" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (2006)). By filing the complaint before attempting to grieve the issues raised in the complaint, Mr. Hayden thwarted this purpose. In addition, regardless of whether Mr. Hayden filed any grievances after he filed this lawsuit, he filed none before this lawsuit, as required by the PLRA. It is therefore undisputed that Mr. Hayden failed to exhaust his available administrative remedies as required by the PLRA before filing this lawsuit.

      The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Hayden's action should not have been brought and must now be dismissed without prejudice. *See*

*Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

The defendants' motion for summary judgment [dkt. 20] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/13/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

DAVID WAYNE HAYDEN, JR
962384
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362